FILED
CLERK, U.S. DISTRICT COURT
12/28/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: VM DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>XIAOYAN YU,<br>　aka "Hai Di," and<br>XIAOFENG XU,<br><br>　　　　Defendants. | No. CR 2:21-cr-00592-MCS<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1956(h): Conspiracy to Engage in Money Laundering; 18 U.S.C. § 982: Criminal Forfeiture] |
|---|---|

The United States Attorney charges:

[18 U.S.C. § 1956(h)]

A.　OBJECT OF THE CONSPIRACY

　　1.　Beginning in or around December 2020 and continuing through at least in or around April 2021, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendants XIAOYAN YU and XIAOFENG XU, together with others known and unknown, knowingly conspired to conduct financial transactions, affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, which, in fact, involved the proceeds of specified unlawful activity -- namely, mail fraud, in violation of

Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343 -- and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

B.  MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

2.  The object of the conspiracy was to be accomplished, in substance, as follows:

   a.  Co-conspirators would call victims and falsely pretend to represent United States government agencies, including the Federal Bureau of Investigation, the Drug Enforcement Administration, and the Social Security Administration, in addition to large corporations, including Amazon.

   b.  Those co-conspirators would persuade victims to provide them with Target gift card redemption codes and cash to satisfy fictitious fines and resolve spurious claims of criminal conduct.

   c.  Defendants XIAOYAN YU and XIAOFENG XU would obtain the fraudulently obtained Target gift card redemption codes.

   d.  Defendants XIAOYAN YU and XIAOFENG XU would use the fraudulently obtained Target gift card redemption codes to purchase merchandise from Target store locations.

   e.  Defendants XIAOYAN YU and XIAOFENG XU would then transfer the merchandise to others.

C.   OVERT ACTS

3.   On or about the following dates, in furtherance of the conspiracy, and to accomplish its object, defendants XIAOYAN YU and XIAOFENG XU, together with others known and unknown, committed and caused to be committed various overt acts in the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On January 20, 2021, a co-conspirator placed a call to victim L.D., claiming to be an employee of the Social Security Administration and demanding that L.D. pay fictitious fines owed to the Social Security Administration.

Overt Act No. 2:   On January 20, 2021, the co-conspirator obtained Target gift card redemption codes from victim L.D., including Target gift card redemption codes ending in 1406 and 1414, purportedly to satisfy the fictitious fines.

Overt Act No. 3:   On January 20, 2021, defendant XIAOYAN YU instructed defendant XIAOFENG XU to redeem the fraudulently obtained Target gift card redemption codes ending in 1406 and 1414 to purchase merchandise from a Target store in Santa Ana, California.

Overt Act No. 4:   On January 20, 2021, defendant XIAOFENG XU redeemed the fraudulently obtained Target gift card redemption codes ending in 1406 and 1414 to purchase merchandise from a Target store in Santa Ana, California.

Overt Act No. 5:   On January 20, 2021, defendant XIAOYAN YU instructed defendant XIAOFENG XU to deliver the merchandise purchased using Target gift card redemption codes ending in 1406 and 1414 to defendant XIAOYAN YU's residence in Rosemead, California.

<u>Overt Act No. 6</u>:  On January 20, 2021, defendant XIAOFENG XU delivered the merchandise purchased using Target gift card redemption codes ending in 1406 and 1414 to defendant XIAOYAN YU's residence in Rosemead, California.

<u>Overt Act No. 7</u>:  On February 9, 2021, a co-conspirator sent an email to victim S.S., claiming to be a customer service representative from Amazon, and demanding that S.S. pay fictitious fines owed to Amazon.

<u>Overt Act No. 8</u>:  On February 9, 2021, the co-conspirator obtained Target gift card redemption codes from victim S.S., including Target gift card redemption codes ending in 0364 and 7987, purportedly to satisfy the fictitious fines.

<u>Overt Act No. 9</u>:  On February 9, 2021, defendant XIAOYAN YU instructed defendant XIAOFENG XU to redeem the fraudulently obtained Target gift card redemption codes ending in 0364 and 7987 to purchase merchandise from a Target store in Costa Mesa, California.

<u>Overt Act No. 10</u>:  On February 9, 2021, defendant XIAOFENG XU redeemed the fraudulently obtained Target gift card redemption codes ending in 0364 and 7987 to purchase merchandise from a Target store in Costa Mesa, California.

<u>Overt Act No. 11</u>:  On February 9, 2021, defendant XIAOYAN YU instructed defendant XIAOFENG XU to deliver the merchandise purchased using Target gift card redemption codes ending in 0364 and 7987 to defendant XIAOYAN YU's residence in Rosemead, California.

<u>Overt Act No. 12</u>:  On February 9, 2021, defendant XIAOFENG XU delivered the merchandise purchased using Target gift card redemption codes ending in 0364 and 7987 to defendant XIAOYAN YU's residence in Rosemead, California.

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of any defendant's conviction of the offense set forth in this Information.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), any defendant so convicted shall forfeit substitute property, if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in

committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

TRACY L. WILKISON
United States Attorney

*/s/ Christopher D. Grigg*

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, Cyber & Intellectual
Property Crimes Section

KHALDOUN SHOBAKI
Assistant United States Attorney
Deputy Chief, Cyber & Intellectual
Property Crimes Section

AARON FRUMKIN
Assistant United States Attorney
Cyber & Intellectual Property
Crimes Section